KENNEALLY (UNITED STATES v.). See Case No. 15,522.

---

## Case No. 7,698.

Ex parte KENNEDY et al.

[4 Cranch, C. C. 462.] [1]

Circuit Court, District of Columbia. March Term, 1834.

HABEAS CORPUS—EXECUTION—JUDGMENT—IRREGULARITY.

An execution against two only, upon a judgment against three, without a suggestion of the death of one, is void, on its face.

The return upon the habeas corpora, was, that the prisoners [Kennedy and Devlin] were held upon writs of ca. sa. which stated the judgment to be against the prisoners and one Hugh Tierney, and required the officer to take the two prisoners only, without suggesting the death of Hugh Tierney.

Mr. Hoban and Mr. Coxe, for prisoners.

Z. C. Lee and Mr. Dunlop, contra.

---

## Case No. 7,699.

In re KENNEDY et al.

[7 N. B. R. (1873) 337.] [2]

District Court, E. D. Michigan.

BANKRUPTCY—ORDER OF ADJUDICATION—SERVICE OF—POWER OF FEDERAL COURTS TO MAKE RULES.

1. Service of a copy of the order of adjudication by publication is a right or privilege personal to the bankrupt, and the delay in such service should not retard the general course of proceedings. If a marshal undertakes the service of the warrant, the service of the order of adjudication by him is a necessary incident to that duty.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted by permission.]

2. The return may be made wholly on the warrant, or separately on the warrant and order of adjudication.

3. The United States district court has no power to make general rules, such power being vested elsewhere by section ten of the bankrupt act [of 1867 (14 Stat. 521)].

By BENJAMIN J. BROWN, Register:

In this case some questions arose pertinent to the proceedings which the undersigned certifies for the opinion of the court. The clerk transmitted to me a certified copy of the adjudication of bankruptcy, which, I am unofficially advised, has been served upon only one of the bankrupts; the other, a single man, being, at the time, absent from the state. The marshal adds to the return upon the warrant these words: "And I served a copy of the order of adjudication on Donald A. Kennedy and Angus Mackintosh, each by ———." This statement is not complete, and no return appears upon the copy of the order of adjudication. Section 42 of the bankrupt law provides: "If the debtor has failed to appear in person or by attorney, a certified copy of the adjudication shall be served forthwith upon him, by delivery or publication, in the manner hereinbefore provided for the service of the order to show cause." Service of an order to show cause "shall be made by publication, in such manner as the judge may direct." Section 40. I have uniformly construed a power vested in the "court" as exercisable by the register in a case where there is no opposition; otherwise, where the power is vested in the judge, eo nomine. I deem it my duty to call the attention of the court to the facts as peculiarly within my own knowledge, and to communicate my views thereon, which must necessarily assume an abstract form, as they are rather inquiries than opinions:

First. I think it clear, if the marshal undertakes the service of the warrant, that the service of the order of adjudication by him is a necessary incident to that duty, although it is not embraced within the command of the writ.

Second. That the return of such service should be made upon a copy of the order of adjudication, and not upon the warrant.

Third. That whether the copy of the order upon which the return is made should be filed with the clerk or the register is a matter of practice to be settled by rule.

Fourth. That whether the petitioning creditor should move in obtaining the order of publication, equally with the mode in which the necessity for such order is to be brought to the attention of the judge, is likewise a matter of practice to be settled by rule.

Fifth. That service of a copy of the order by publication is mainly a right or privilege personal to the bankrupt, and the delay in such service should not retard the general course of proceedings; and upon the view here expressed I have acted in this case.

All which is respectfully submitted.

LONGYEAR, District Judge. As to the first and fifth, I concur with the register. As to the second, I think the return may be made wholly on the warrant, or separately on the warrant and order, but that the latter course is preferable. As to the third and fourth, I do not deem any general rule necessary; neither do I think this court has power to make general rules, such power being vested elsewhere by an express provision of the act. See section 10 and rule 32. The clerk will certify this decision to the register, Benjamin J. Brown, Esq.